UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        CASE NO. 04-CR-80857-03
        HON. LAWRENCE P. ZATKOFF

    Plaintiff,

vs.

ARVIE QUINN,

    Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on September 19, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Robert R. Elsey's Motion to Adjourn All Pretrial and/or Plea Cutoff Dates and to Receive Discovery. The facts and legal arguments are adequately set forth in the briefs submitted. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(e), this Court ORDERS that the above motions be decided upon the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, the Motion is GRANTED in part and DENIED in part..

## II. BACKGROUND

On December 30, 2004, Defendant Arvie Quinn was indicted on five counts of a 60 count indictment filed against him and 13 other persons. On January 25, 2005, Mr. Waske was appointed by the Federal Defender Office as a CJA Panel Appointment to represent Defendant. This Court held a status conference on February 24, 2005, at which counsel for most of the defendants and the Court established numerous critical dates for this case, including the following: a motion cut-off date

of June 30, 2005, and a plea cut-off date of August 25, 2005.  Mr. Waske attended that meeting and represents in his motion to withdraw that he subsequently secured and reviewed all discovery provided by the Government.  Mr. Waske also maintains that he negotiated a Rule 11 Plea Agreement on behalf of Defendant and that he met with Defendant on August 23, 2005, to review said Plea Agreement.  According to Defendant, he first learned of the Plea Agreement on August 19, 2005, less than one week before the plea cut-off date

On August 23, 2005, at about the same time that Mr. Waske called the Court to set up the plea time, the Court received a call from Mr. Elsey indicating that he was new counsel for Defendant.  Mr. Elsey filed an Appearance of Counsel and his Motion to Substitute Counsel-Adjourn All Pretrial and/or Plea Cutoff Dates and to Receive Discovery the next day, August 24, 2005.

On August 25, 2005, as scheduled, the Court held a conference to discuss how the case would proceed for any defendants who did not plead guilty on that day.  Neither Mr. Waske nor Mr. Elsey appeared at that conference.  Shortly thereafter, Defendant had an opportunity to speak with Mr. Waske, and then Mr. Waske and Defendant spoke, on the record, before this Court.  Mr. Waske informed the Court that Defendant no longer desired Mr. Waske's representation and wished to be represented by Mr. Elsey.  Defendant confirmed that to be true after this Court asked him if that was his desire and after notification by the Court that August 25, 2005 (i.e., that day), was the final date for pleading guilty.  Later that day, Mr. Elsey appeared before this Court to request adjournment of the applicable dates in this case, including discovery and plea cut-off dates.  Mr. Elsey subsequently filed additional materials to supplement his Motion to Adjourn.

### III.  OPINION

As noted in Section II above, the Court set forth a schedule for this case over six months prior to the plea cut-off date.  The Court notes that there are 13 other defendants in this case, and at this time only seven of those defendants have plead guilty.  Pursuant to the Speedy Trial Act, this Court must move forward on their cases by setting a trial date, which the Court will do very shortly.

As Defendant stands to be a defendant at that trial, granting adjournments with respect to discovery and the filings of motions is not reasonable at this time. However, due to the specific circumstances of this case, Defendant will be granted fifteen (15) days from the entry of this order to enter a Rule 11 Plea Agreement.

### IV.  CONCLUSION

For the reasons set forth above, the Motion to Adjourn All Pretrial Dates and Receive Discovery is DENIED. The Motion to Adjourn the Plea Cutoff Date is GRANTED. The Court HEREBY ORDERS that Defendant shall have until fifteen (15) days from entry of this order to enter a Rule 11 Plea Agreement.

IT IS SO ORDERED.

                                            s/Lawrence P. Zatkoff
                                            LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

Dated:  September 19, 2005

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 19, 2005.

                                            s/Marie E. Verlinde
                                            Case Manager
                                            (810) 984-3290